UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>PERSHING DUBRAY,<br><br>                  Defendant. | CR. 87-50031-JLV<br><br><br><br>ORDER |

**INTRODUCTION**

Defendant Pershing Dubray, appearing *pro se*, filed a motion for compassionate release on May 14, 2020. (Docket 4). Pursuant to the May 1, 2020, Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD") and the United States Attorney for the District of South Dakota filed records, submissions and briefing on Mr. Dubray's motion. (Dockets 5-7 & 13). The FPD filed a motion to withdraw as counsel on June 18, 2020. (Docket 10). For the reasons stated below, defendant's motion is denied and the FPD's motion to withdraw is granted.

**STANDING ORDER 20-06**

Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a

---

[1] See https://www.sdd.uscourts.gov/so2006 ("SO 20-06"). SO 20-06 was amended on October 21, 2020, after this case was ripe for resolution. See https://www.sdd.uscourts.gov/socraa. The amendments have no impact on the court's analysis of this case.

procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of the COVID-19 virus into the federal prison system." (SO 20-06 at p. 1). Under the order, the FPD is automatically "appointed to represent all defendants in criminal cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act." Id. ¶ 1.

By the standing order, the FPD and the United States Attorney for the District of South Dakota are "to place [the defendant] into one of four categories[.]" Id. ¶ 4. Those categories are:

    a.    High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

    b.    Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.    Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.    Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id. The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office." Id.

## MR. DUBRAY'S CLASSIFICATION

On May 18, 2020, the FPD and the U.S. Attorney filed a notice designating Mr. Dubray as an Intermediate Priority case. (Docket 5).

## FACTUAL BACKGROUND

On April 2, 1987, a grand jury filed an indictment charging Mr. Dubray with aggravated sexual assault and first-degree burglary. (Docket 1 at p. 1). Mr. Dubray entered not guilty pleas to both counts. Id. at p. 2. The United States later dismissed the first-degree burglary charge. (Docket 3). A jury found Mr. Dubray guilty of aggravated sexual assault in violation of 18 U.S.C. § 2241 on July 22, 1987. (Docket 1 at p. 3). District Court Judge Richard H. Battey sentenced Mr. Dubray to life imprisonment on September 15, 1987. (Docket 2). His conviction was upheld on appeal. See United States v. Dubray, 854 F.2d 1099 (8th Cir. 1988).

The decision of the United States Court of Appeals for the Eighth Circuit reveals the following facts. The offense occurred on March 28, 1987, when Mr. Dubray, then age 19, entered the home of a 60-year old Roman Catholic nun who lived on the Pine Ridge reservation. Id. at 1100. Mr. Dubray had been drinking. Id. Upon entering the victim's home, Mr. Dubray announced "Lucifer is here." Id. Over the course of the next four hours, Mr. Dubray "struggled with the victim, beat her, pinned her to the bed, broke her wrist, threatened to kill her, and raped her." Id.

3

Mr. Dubray is currently an inmate at the USP Tucson in Tucson, Arizona.  Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked Apr. 28, 2021).  Mr. Dubray is now 53 years old.  Id.

## MR. DUBRAY'S MOTION

Mr. Dubray's *pro se* motion seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act.  (Docket 4).  He argues the COVID-19 pandemic and his compromised health issues warrant compassionate release.  Id.  Mr. Dubray states he requested compassionate release from the warden of the facility, but did not receive a response.  Id.

## UNITED STATES' OPPOSITION

The government opposes Mr. Dubray's motion arguing the changes brought by the First Step Act to 18 U.S.C. § 3582(c)(1)(A) do not apply. (Docket 13 at pp. 1 & 3-6).  Because Mr. Dubray's crime was committed before November 1, 1987, the government argues 18 U.S.C. § 3582(c)(1)(A) is inapplicable and any relief from his life sentence is governed solely by 18 U.S.C. § 4205(g).  Id. at pp. 1 & 5.  The government argues the "old law" that applied before the Sentencing Reform Act of 1984[2] governs this case.  For inmates like Mr. Dubray, whose offenses occurred prior to November 1, 1987, the government contends the controlling law is 18 U.S.C. § 4205(g), which allows the Bureau of Prisons ("BOP") alone to make a motion for compassionate release with the court.  Id. at 5.

---

[2]The Sentencing Reform Act of 1984 took effect on November 1, 1987.

4

## ANALYSIS

The government argues 18 U.S.C. § 3582(c)(1)(A) is inapplicable to Mr. Dubray because his offense occurred prior to the November 1, 1987, effective date of the Sentencing Reform Act of 1984.  The court agrees.

Mr. Dubray's offense was committed on March 28, 1987.  At that time, the authority for compassionate release was found in 18 U.S.C. § 4205(g), which vested authority to make such a motion solely with the BOP.  Section 4205(g) provided: "[a]t any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required."  18 U.S.C. § 4205(g).

As part of the Sentencing Reform Act of 1984 ("SRA"), Congress replaced § 4205(g) with § 3582(c)(1)(A).  See Pub. L. No. 98-473, Title II, § 227, 98 Stat. 1837, 1998 (1984).  The SRA took effect on November 1, 1987 and applies to offenses committed after that date.  See Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (amending effective date to 36 months following the date of enactment).  While § 4205(g) was repealed effective November 1, 1987, it remains the controlling law for inmates whose offenses occurred prior to that date.  Under § 3582(c)(1)(A) as initially enacted, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf.

5

On December 21, 2018, Congress passed the First Step Act ("FSA"). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to directly file motions seeking compassionate release in the court where they were sentenced. Id. With the enactment of the FSA, Congress now permits courts to grant compassionate release on motions filed by defendants after the defendant fully exhausts certain administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Because § 3582(c)(1)(A) as enacted in the SRA was inapplicable to Mr. Dubray, FSA's changes to § 3582(c)(1)(a) are likewise inapplicable.

Other courts have reached the same conclusion. The District of North Dakota came to the same result in United States v. Faul, Case No. 3:83-cr-00016, 2021 WL 965311, at *2-3 (D.N.D. Mar. 15, 2021) (also gathered cases with similar rulings). Mr. Faul brought a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) as amended by the FSA. Id. at *1. The United States argued that mechanism was not available to the defendant because his offense occurred in February 1983. Id. at * 2. The court held the FSA did not apply to inmates whose crimes were committed before November 1, 1987. Id. at *3. The court concluded because the defendant's crimes were committed before the SRA took effect, the only mechanism for compassionate release was through 18 U.S.C. § 4205(g). Id. at *3.

The result is the same here. Mr. Dubray's offense was committed prior to the November 1, 1987, effective date of the SRA. The court concludes Mr. Dubray's exclusive avenue for compassionate release is through 18 U.S.C. § 4205(g). The court lacks jurisdiction to consider defendant's motion. Faul, 2021 WL 965311, at *3.

## ORDER

For the reasons discussed above, it is

ORDERED that defendant's motion for compassionate release (Docket 4) is denied and the FPD's motion to withdraw (Docket 10) is granted.

Dated January 25, 2022.

                                        BY THE COURT:

                                        /s/ *Jeffrey L. Viken*
                                        JEFFREY L. VIKEN
                                        UNITED STATES DISTRICT JUDGE